THE STATE OF NEVADA, Upon the Relation of Edward G. Marshall, District Attorney of Clark County, Petitioner, v. THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK, Respondents.

No. 4749

November 16, 1964                    396 P.2d 680

*Edward G. Marshall*, Clark County District Attorney, Las Vegas, for Petitioner.

*Foley Brothers*, of Las Vegas, for Respondent.

**O P I N I O N**

By the Court, THOMPSON, J.:

Warren Lonnell Harris, an indigent, is charged with murder. He was tried once but the jury could not agree upon a verdict. He is scheduled to be tried again. The court-appointed attorney who represented him at the first trial was relieved of his responsibility to proceed further and another attorney was appointed to carry on. The newly-appointed counsel moved for an order requiring the state to furnish him with a copy of the transcript of the first trial. He needs it for information, preparation, and for possible impeachment use during the retrial should a witness alter his testimony in a material respect. Were Harris financially responsible, he could purchase a copy of the transcript; unfortunately he is without money. The district court granted his motion. The transcript was ordered to be prepared at county expense and a copy thereof delivered to counsel for

Harris. By this proceeding in certiorari the district attorney challenges the validity of that order, contending that the court lacked power to make it. His argument is based upon the absence of any statute authorizing such a charge against the county. The argument has no merit.

NRS 3.320 (3) relating to the duties of court reporters in criminal cases provides, in part, that the reporter "if directed by the court * * * must, within such reasonable time after the trial of such case as may be designated by law or; in the absence of any law relating thereto, by the court, write out the same, or such specific portions thereof as may be requested, in plain and legible longhand, or by typewriter or other printing machine, and certify to the same as being correctly reported and transcribed, and, when directed by the law or court, file the same with the clerk of the court." NRS 3.370 (2) reads, in part, that "in criminal cases the fees for reporting and for transcripts ordered by the court to be made must be paid out of the county treasury upon the order of the court." These provisions embrace the order of which the district attorney complains.

However, we wish to mention that in this case the judicial power to make the order in question does not rest primarily upon the statutory provisions which we have related. The demands of the due process and equal protection clauses of the fourteenth amendment to the federal constitution compel that a copy of the transcript of the first trial be furnished Harris. The mentioned statutes merely implement the constitutional mandate. Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, involved an indigent's right to a transcript for the purpose of appellate review. Illinois had not, by statute, authorized an indigent appellant to obtain the transcript at state expense. The United States Supreme Court held that the due process and equal protection clauses of the fourteenth amendment prevent a state from denying appellate review to an indigent because of his poverty. Justice Black wrote: "There can be no equal justice where the kind of a trial a man gets depends upon the amount of

money he has. Destitute defendants must be afforded as adequate appellate review as defendants who have money enough to buy transcripts. * * * Plainly, the ability to pay costs in advance bears no rational relationship to the defendant's guilt or innocence and could not be used as an excuse to deprive a defendant of a fair trial." The Griffin principle has been subsequently applied by the high court to closely related situations. In Burns v. Ohio, 360 U.S. 252, 79 S.Ct. 1164, it was held that Griffin applied to state collateral proceedings even where a criminal appeal was discretionary and not a matter of right. In Smith v. Bennett, 365 U.S. 708, 81 S.Ct. 895, the court held that a state may not require a payment of statutory filing fees by an indigent before his appeal would be docketed. In Eskridge v. Washington State Board of Prison Terms and Paroles, 357 U.S. 214, 78 S.Ct. 1061, the Griffin principle was given retrospective application. See also Draper v. Washington, 372 U.S. 487, 83 S.Ct. 774; Coppedge v. United States, 369 U.S. 438, 82 S.Ct. 917; Lane v. Brown, 372 U.S. 477, 83 S.Ct. 768.

As already stated the Griffin doctrine involved fundamental fairness to one seeking appellate review of his conviction. He was no longer clothed with the presumption of innocence. In the case before us we are concerned with fundamental fairness to one who is about to stand trial for a capital offense. He presently enjoys the presumption of innocence. We believe that the Griffin principle has greater need for application here than it did in Griffin itself, for we know that everyone accused of crime has a constitutional right to a fair trial. On the other hand, we are not at all certain that a convicted defendant has a constitutional right to appeal; the United States Supreme Court has never said so. Indeed, that court stated in McKane v. Durston, 153 U.S. 684, 14 S.Ct. 913, that "a review by an appellate court of the final judgment in a criminal case, however grave the offense of which the accused is convicted, was not at common law and is not now a necessary element of due process of law." In the light of Griffin v. Illinois, the order made below was compelled.

We would reach the same result quite apart from any consideration of the particular statutory and constitutional demands which we have discussed. The inherent power of a court to exercise reasonable control over a criminal proceeding cannot seriously be questioned. In Marshall v. District Court, 79 Nev. 280, 382 P.2d 214, we held that the district court in a murder case had the power to order the district attorney to produce for the inspection of the defendant the autopsy report of the victim any and all photographs relevant to the case, all statements of all persons who testified at the preliminary hearing or who will be witnesses at the trial, and a certain tape recording given by the defendant. In Pinana v. District Court, 75 Nev. 74, 334 P.2d 843, we held that the district court had the power to deny the defendant's request for pre-trial inspection of statements made by her to the district attorney. In neither case was certiorari available to control judicial discretion or to review the propriety of judicial action. In each case the state had incurred an expense in obtaining the information sought by the defendant's pre-trial discovery motions, and in each instance the court possessed power to enter the order in question.

We are not unmindful of the law about discovery during trial. Jencks v. United States, 353 U.S. 657, 77 S.Ct. 1007; Walker v. State, 78 Nev. 463, 376 P.2d 137; State v. Bachman, 41 Nev. 197, 168 P. 733. Each case held that it was error for a trial court to deny a defendant's motion during trial to produce for inspection and possible use for impeachment purposes written reports made by the witness on the stand to the government's investigators. In the instant matter if the transcript of the first trial is not made available to the defendant now, it is reasonably to be anticipated that his request will be renewed during trial in order that he may possibly use the prior testimony of the witnesses for impeachment purposes. By analogy to the cited cases such a request during trial should be honored by the court. Surely it was prudent for the court below to avoid

probable trial disruption and delay (to permit relevant parts of the transcript in question to be prepared for possible use in cross examination of the witness) and order preparation of the transcript now.

Primarily because of the Griffin doctrine, but also for the other reasons expressed, we deny the writ.

BADT, C. J., and McNAMEE, J., concur.