PEOPLE v HAMPTON

Docket No. 26847. Submitted February 22, 1977, at Detroit.—Decided
    March 24, 1977. *Lv den,* 400 Mich 861 (1977), *cert den,* 435 US
    932 (1978).

    Robert Hampton was convicted of felonious assault. Defendant
        had three prior trials on the same charge which resulted in
        hung juries. In the first three trials he was represented by the
        same counsel. In the fourth trial he was represented by new
        counsel from the public defender's office who requested the
        transcripts of the first and third trials. These transcripts were
        sought to impeach prosecution witnesses despite the fact that
        defendant had previously been provided with copies of his
        preliminary examination and the second trial transcript.
        Thomas J. Foley, J., Wayne Circuit Court, denied the request.
        Defendant appeals, contending denial of the transcripts was
        error. *Held:*

    1. An indigent criminal defendant is entitled to the tran-
        scripts of earlier trials at state expense prior to a new trial on
        the same charge for purposes of discovery and as a tool for the
        impeachment of prosecution witnesses.

    2. The defendant needed the prior trial transcripts and denial
        of his request was error. There was a voluminous trial tran-
        script, three previous hung juries, the fourth jury deliberated
        four days before reaching a verdict and the attorney for the
        fourth trial, who had not represented defendant at prior trials,
        employed a new strategy by having defendant testify in his own
        behalf for the first time. Obviously, various aspects of earlier
        testimony on the part of witnesses could become crucial to
        defendant's defense and without the benefit of the other tran-
        scripts defendant would be unable to discover inconsistencies in
        the prior testimony of the witnesses.

    Reversed and remanded.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 233.
    58 Am Jur 2d, New Trial § 210.
    Rights of indigent defendant in criminal case to aid of state as
    regards new trial or appeal. 55 ALR2d 1072.

CRIMINAL LAW — INDIGENTS — NEW TRIAL — TRANSCRIPTS.

> An indigent criminal defendant is entitled to the transcripts of earlier trials at state expense prior to a new trial on the same charge; transcripts of prior trials should be valuable to the defendant as a discovery device in preparation for trial and as a tool at the trial itself for the impeachment of prosecution witnesses.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Research, Training & Appeals, and *Maura D. Corrigan,* Assistant Prosecuting Attorney, for the people.

*Raymond E. Willis,* for defendant.

Before: N. J. KAUFMAN, P.J., and V. J. BRENNAN and M. D. O'HARA,* JJ.

PER CURIAM. Defendant appeals from a verdict by a jury in Wayne County Circuit Court convicting him of felonious assault, in violation of MCLA 750.82; MSA 28.277. Counsel for the defendant have strongly contended in this appeal that the case has numerous errors entitling defendant to reversal. We are of the view that one issue is dispositive and, therefore, reverse.

Though we reverse, our disposition herein cannot be satisfactorily understood without reference to the posture of events below. Defendant has now faced trial on this same charge on four occasions. All four trials occurred during a three-month period. The first three trials resulted in hung juries. In the instant trial, the jury deliberated four days before rendering its verdict.

Throughout the course of these proceedings, de-

---

\* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

fendant has been represented by the Legal Defenders Office. At the time of the fourth trial, the attorney who had represented defendant in the first three trials was unable to participate. An adjournment was requested to allow time for the original attorney to handle the fourth trial. The motion was denied. As a result, new counsel from the defender's office was brought in to handle the trial.

Prior to the fourth trial, defendant's new counsel requested the trial transcripts of the first and third trials. This was sought despite the fact that the defendant had been previously provided with copies of the preliminary examination and second trial transcript. His request was premised upon *People v Glass,* 38 Mich App 735; 197 NW2d 140 (1972). At the time of this request he stated:

"I would submit to the Court that perhaps discovery is not the main thrust in this motion, it is impeachment. You have a situation where you have two eye witnesses, and at the time of the trial they decide to bring in the second eye witness, considering the witness was going to testify to the modus operandi of my client. I submit the impeachment is of the utmost importance. That is what the case is all about, eye witness testimony. If ever there was a situation where impeachment possibility is available, it should be made available. You have a long trial, and you get mixed up with a secondary issue, and in this case eye witness identification. That is what we need it for."

The trial judge reached a result contrary to defendant's position on the basis of essentially the following facts:

"This case was a short trial. It was a comparatively simple trial. We have the examination testimony, you have the complete transcript of the second trial, re-

quested by the defendant, and adjournment was granted for that purpose. The third trial again repeated that which was in the second trial."

Again, as in the court below, defendant contends that the trial judge's denial of the transcripts was error. We agree.

In *Glass,* the Court held that an indigent criminal defendant was entitled to a transcript of his first trial at state expense prior to a new trial, even though he was represented by the same lawyer at both trials. In reaching this result, Judge, now Justice, LEVIN quoted approvingly the following language from *Britt v North Carolina,* 404 US 226, 228; 92 S Ct 431; 30 L Ed 2d 400 (1971):

" 'We agree with the dissenters that there would be serious doubts about the decision below if it rested on petitioner's failure to specify how the transcript might have been useful to him. Our cases have consistently recognized the value to a defendant of a transcript of prior proceedings, without requiring a showing of need tailored to the facts of the particular case. As Mr. Justice Douglas makes clear, even in the absence of specific allegations *it can ordinarily be assumed that a transcript of a prior mistrial would be valuable to the defendant in at least two ways: as a discovery device in preparation for trial, and as a tool at the trial itself for the impeachment of prosecution witnesses.' * * ** (Emphasis supplied.)" 38 Mich App at 738.

We think *Glass* governs our result here. It is, of course, true that the instant case differs from *Glass* in that all of the trials occurred within a three-month period. Moreover, defendant was given copies of the second trial and the preliminary examination transcripts prior to the third trial. But, by the same token, there are dissimilari-

ties which suggest that the need was even greater than in *Glass.*

In the instant case, defendant was now being represented by different counsel. We do not overlook or minimize the consideration that he was from the same office as original counsel. But this hardly suffices to let him delve into the inconsistencies in a witness's prior testimony. He was not dealing with a faulty memory of earlier trials but, rather, he was dealing without the benefit of any recollection.

The transcripts provided did not rectify this deficiency. This attorney employed a strategy quite different from that of his predecessor. For example, this was the first time defendant testified in his own behalf.[1] Thus, based upon this alteration of trial tactics, various aspects of earlier testimony on the part of the witnesses could become crucial to defendant's defense. Obviously, without the benefit of the other transcripts, the defendant would be unable to discern the inconsistencies in the prior testimony of the witnesses.

Finally, it is also urged by the prosecutor that this was a relatively simple case and the transcript was unnecessary to defendant's defense. The record belies this assertion. We have a voluminous transcript in the instant case. As was noted previously, there were three prior hung juries. The fourth jury deliberated four days before reaching a verdict. As the trial judge stated in rejecting defendant's assertion that four days of deliberation amounted to coercion to reach a verdict:

"It has been a very lengthy trial, the evidence is voluminous, extensive cross examination; and in actual-

---

[1] We note that the defendant testified because the trial judge suppressed any references to his prior criminal record. See *People v Jackson,* 390 Mich 621; 212 NW2d 918 (1973).

ity the time used by the jury to this point, relatively speaking, has not been a long time to deliberate on everything that has gone into this record."

For the above-stated reasons, we reverse and remand.