ROBERT WILLIAM BURKE, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 12127

May 22, 1980                                    611 P.2d 203

**Affirmed.**

[Rehearing denied June 30, 1980]

*Embry & Shaner,* and *Robert W. Lueck,* Las Vegas, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *James Tufteland,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Robert William Burke, pursuant to a plea bargain, pleaded guilty to a charge of drawing and passing checks with insufficient funds on deposit in drawee bank, a felony pursuant to NRS 205.130. He was sentenced to three years in the Nevada State Prison, execution of which was suspended and petitioner was placed on probation. One of the conditions of the probation was that petitioner, within six months, make restitution in the amount of $393.00.

Subsequently, probation revocation proceedings were commenced. Although several charges were brought against appellant, the district court found that only the charge that appellant

had failed to make restitution would warrant revocation and his probation was revoked on that basis. Appellant expressed dissatisfaction with his court-appointed counsel and the district court appointed new counsel who commenced the instant post-conviction proceedings.[1] On appeal from the district court's denial, he contends that, in the revocation proceedings, he was denied the effective assistance of counsel and equal protection of the laws.

We have reviewed the record in this case and have concluded that the effective assistance of counsel contention is clearly without merit.

However, the equal protection argument presents a more substantial question. Appellant argues, in effect, that the revocation of his probation was the result of his inability to pay a fine. In support of this contention, appellant cites Tate v. Short, 401 U.S. 395 (1971). In that case, the criminal defendant had been convicted of and fined for certain traffic violations. Because of his indigency, however, he was unable to pay the fines and was therefore incarcerated under provisions of state law.[2] The U.S. Supreme Court, in finding such imprisonment to be violative of equal protection, stated that " '. . . the Constitution prohibits the State from imposing a fine as a sentence and then automatically converting it into a jail term solely because the defendant is indigent and cannot forthwith pay the fine in full.' " *Id.* at 398, *quoting* Morris v. Schoonfield, 399 U.S. 508, 509 (1970) (White, J., concurring).

We agree with appellant that the same rule should apply where restitution rather than a fine is involved. We further agree with appellant that the rule applies not only at the time of sentencing, as was the concern in *Tate,* but also at any time thereafter as long as the imprisonment results from the defendant's indigency. "There can be no equal justice where the kind of trial a man gets depends on the amount of money he has."

---

[1]Ordinarily, the issues raised in this petition for post-conviction relief are raised on direct appeal from the order revoking probation. NRS 177.375 requires that any claim to post-conviction relief is deemed waived if it could have been raised in a prior proceeding unless "good cause" is shown. In the instant case, petitioner alleged that prior counsel made an inadequate record to prosecute an appeal, *see* Stewart v. Warden, 92 Nev. 588, 555 P.2d 218 (1976). Apparently, the district court accepted this explanation; the state does not contend that this petition was commenced in contravention of NRS 177.375. Under these circumstances, consideration of the merits is appropriate.

[2]The state law provided that unsatisfied fines be worked off at the rate of five dollars per day of incarceration.

Griffin v. Illinois, 351 U.S. 12 (1956). *See* Marshall v. District Court, 80 Nev. 478, 396 P.2d 680 (1964).

However, it is equally clear that a state may constitutionally imprison "a defendant with the means to pay a fine who refuses or neglects to do so." Tate v. Short, *supra* at 400. Appellant conceded that he was not without the resources to pay the restitution; rather he possessed the funds and chose to disburse them in other ways. Even accepting appellant's contention that he was under great financial pressure from his creditors during this period of time, we do not believe that the Constitution denies a state the power, should it choose to exercise it, to promote its "interest in deterring unlawful conduct and in enforcing its penal laws through fines as well as jail sentences . . . ," Morris v. Schoonfield, *supra,* at 509 (White, J., concurring), by incarcerating a criminal defendant in the circumstances of the instant case.[3]

Affirmed.

---

[3]Appellant also argues that the district court abused its discretion in revoking probation under these circumstances. *See* Lewis v. State, 90 Nev. 436, 529 P.2d 796 (1974). However, such a contention does not raise an issue of constitutional dimension, and we are, therefore, without jurisdiction to consider it in a petition arising under the post-conviction relief statute, NRS 177.320.