967 F.2d 596
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
George WATKINS, Petitioner-Appellant,
v.
Sherman HATCHER, et al., Respondent-Appellee.
 No. 91-15559.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 11, 1992.
Decided May 29, 1992.
 
 Before BOOCHEVER, REINHARDT and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Watkins's probation was revoked; he did not timely appeal the revocation order. Watkins then brought a petition for post-conviction relief under N.R.S. § 177.315, which was denied by the trial court. The Nevada Supreme Court affirmed, holding that a section 177.315 petition was not the proper procedural mechanism under Nevada law to challenge the probation revocation order. Watkins petitioned for a writ of habeas corpus in federal district court, raising several claims that were presented to the Nevada state courts. One of these claims was his lawyer's failure to put on allegedly exculpatory evidence. The petition was denied because Watkins failed to show cause for and prejudice from the state procedural default. Watkins made a separate claim of ineffective assistance of counsel based on his attorney's failure to file a notice of appeal from the revocation order. This claim was never presented to the Nevada state courts.[1]
 
 
 3
 Watkins argues that it would be futile to present this claim to the Nevada state courts because they have already rejected as procedurally barred an ineffective assistance claim in the earlier section 177.315 proceeding. But Watkins's claim that his lawyer was ineffective in failing to file a notice of appeal by its nature could not have been brought on direct appeal; this claim is much different from that earlier claim which, indeed, could have been.[2] It thus appears far from futile to require Watkins to afford the courts of the state of Nevada first crack at his constitutional claim, either in a second section 177.315 proceeding or in a state habeas action under N.R.S. § 34.360. In any event, Watkins has not satisfied the exhaustion requirement. See Murray v. Carrier, 477 U.S. 478, 488-89 (1986).
 
 
 4
 Watkins filed a petition for habeas corpus that contained both exhausted and unexhausted claims. "[A] district court must dismiss such 'mixed petitions,' leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." Rose v. Lundy, 455 U.S. 509, 510 (1982).
 
 
 5
 We therefore REVERSE the district court's denial of Watkins's petition, and REMAND for further proceedings consistent with this disposition.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Watkins argues that in his state court pleadings he alleged ineffective assistance "at all stages" of the revocation proceeding, and that we should construe this claim broadly enough to include the attorney's failure to file a notice of appeal. We decline to do so. The petition challenged Watkins's conviction or sentence, see N.R.S. § 177.315, not the performance of his lawyer following entry of the revocation order
 
 
 [2]
 We note that the Nevada Supreme Court has considered a claim very similar to Watkins's at least once before. Burke v. State, 611 P.2d 203 (Nev.1980)