WILLIAM DAANE, PETITIONER, v. THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE DONALD M. MOSLEY, DISTRICT JUDGE, RESPONDENTS, AND CR TITLE SERVICES, INC.; AND CITIMORTGAGE, INC., REAL PARTIES IN INTEREST.

No. 57020

September 29, 2011                    261 P.3d 1086

*Law Office of Jacob L. Hafter & Associates* and *Jacob L. Hafter* and *Michael K. Naethe*, Las Vegas, for Petitioner.

*Pite Duncan, LLP*, and *Gregg A. Hubley* and *Laurel I. Handley*, Las Vegas, for Real Parties in Interest.

Before the Court EN BANC.

## OPINION

By the Court, SAITTA, C.J.:

In this opinion, we address a single issue—specifically, whether a writ of prohibition is available to preclude Nevada's Foreclosure

Mediation Program from conducting further proceedings with respect to petitioner William Daane's residence. Because Daane has an adequate remedy in the ordinary course of law, we conclude that a writ of prohibition is inappropriate at this time. We therefore deny the petition.

## FACTS AND PROCEDURAL HISTORY

Daane refinanced the mortgage on his residence and ultimately fell into default on the new loan. Real party in interest CR Title Services, Inc., the trustee of the deed of trust, filed a notice of default to initiate the foreclosure process. Daane opted to participate in the Foreclosure Mediation Program. *See* NRS 107.086; Foreclosure Mediation Rules (FMRs). Shortly thereafter, the mediation was conducted. At the mediation, however, real party in interest CitiMortgage, Inc., the beneficiary of the deed of trust, failed to produce necessary documents and sent a representative that lacked authority to negotiate. Consequently, the mediator determined that CitiMortgage participated in the mediation in bad faith.

Daane filed a petition for judicial review in the district court, seeking a finding that CitiMortgage had participated in bad faith. After a hearing on the matter, the district court found that CitiMortgage acted in bad faith, requiring it to reimburse Daane for his attorney fees and costs. CitiMortgage was also denied a letter of certification. A couple of hours after the hearing, CR Title filed a second notice of default, reinitiating the foreclosure process. Daane again elected for mediation in the Foreclosure Mediation Program. He then brought this petition for a writ of prohibition, along with a request to stay the foreclosure proceedings, which we granted. Daane now seeks to preclude the Foreclosure Mediation Program from proceeding with further mediations or issuing a letter of certification.

## DISCUSSION

Our inquiry with a writ petition necessarily begins with whether we should exercise our discretion to entertain the petition. Daane primarily argues that his petition warrants our consideration because he does not have an adequate remedy in the ordinary course of law. We disagree.

A writ of prohibition is an extraordinary remedy, and therefore, the decision to entertain the petition lies within our discretion. *Cheung v. Dist. Ct.*, 121 Nev. 867, 869, 124 P.3d 550, 552 (2005). Such a writ is available to "arrest[ ] the proceedings of any tribunal, corporation, board or person exercising judicial functions, when such proceedings are without or in excess of the jurisdiction of such tribunal, corporation, board or person." NRS 34.320. A writ of prohibition "may be issued only . . . where

there is not a plain, speedy and adequate remedy in the ordinary course of law." NRS 34.330. We have consistently held, "on several occasions, that the right to appeal is generally an adequate legal remedy that precludes writ relief." *Pan v. Dist. Ct.*, 120 Nev. 222, 224, 88 P.3d 840, 841 (2004). The petitioner bears "the burden of demonstrating that extraordinary [writ] relief is warranted." *Id.* at 228, 88 P.3d at 844.

Daane asserts that NRS 107.086 and the FMRs prevent CitiMortgage from reinitiating the foreclosure process by issuing a second notice of default after the district court found bad faith on CitiMortgage's behalf and denied it a letter of certification. He therefore seeks a writ of prohibition to preclude the Foreclosure Mediation Program from conducting further proceedings with respect to his residence. We are unpersuaded, however, that extraordinary relief is warranted at this time. After the currently scheduled second mediation is conducted, Daane may file a petition for judicial review with the district court, and an appeal will lie from the district court's order. NRAP 3A(b)(1) ("An appeal may be taken from . . . [a] final judgment entered in an action or proceeding commenced in the court in which the judgment is rendered."); FMR 21(1) ("A party to the mediation may file a petition for judicial review with the district court."); *see also Leyva v. National Default Servicing Corp.*, 127 Nev. 470, 474 n.3, 255 P.3d 1275, 1277 n.3 (2011) (indicating that we have jurisdiction, under NRAP 3A(b)(1), over an appeal from a district court order denying a petition for judicial review in a foreclosure mediation action); *Pasillas v. HSBC Bank USA*, 127 Nev. 462, 255 P.3d 1281 (2011) (considering an appeal from a district court order denying a petition for judicial review arising in a foreclosure mediation action). Because we have consistently held that the existence of an appeal is an adequate remedy at law barring writ relief, we deny the petition for a writ of prohibition.

## CONCLUSION

We conclude that a writ of prohibition is unwarranted to preclude the foreclosure mediation program from conducting further proceedings with respect to Daane's residence because he has an adequate remedy in the ordinary course of law. We therefore deny the petition for a writ of prohibition.[1]

DOUGLAS, CHERRY, GIBBONS, PICKERING, HARDESTY, and PARRAGUIRRE, JJ., concur.

---

[1]In light of our disposition, we vacate the stay imposed by our January 10, 2011, order.