**136 Nev., Advance Opinion 67**
IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| THE WASHOE COUNTY DISTRICT ATTORNEY'S OFFICE, Petitioner, vs. THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF WASHOE; AND THE HONORABLE KATHLEEN M. DRAKULICH, DISTRICT JUDGE, Respondents. | No. 79792  FILED  OCT 08 2020  ELIZABETH A. BROWN CLERK OF SUPREME COURT BY_____ CHIEF DEPUTY CLERK |
| THE WASHOE COUNTY DISTRICT ATTORNEY'S OFFICE, Petitioner, vs. THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF WASHOE; AND THE HONORABLE KATHLEEN M. DRAKULICH, DISTRICT JUDGE, Respondents. | No. 80008 |
| THE WASHOE COUNTY DISTRICT ATTORNEY'S OFFICE, Petitioner, vs. THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF WASHOE; AND THE HONORABLE KATHLEEN M. DRAKULICH, DISTRICT JUDGE, Respondents. | No. 80009 |

SUPREME COURT
OF
NEVADA

(O) 1947A

20-36876

Consolidated original petitions for a writ of mandamus or prohibition challenging district court orders directing the Washoe County District Attorney's Office to participate in criminal record-sealing proceedings.

*Petitions granted.*

Christopher J. Hicks, District Attorney, and Jennifer P. Noble, Chief Appellate Deputy District Attorney, Washoe County,
for Petitioner.

Aaron D. Ford, Attorney General, Greg D. Ott, Chief Deputy Attorney General, and Peter P. Handy, Deputy Attorney General, Carson City,
for Respondents.

---

BEFORE PARRAGUIRRE, HARDESTY and CADISH, JJ.

## OPINION

By the Court, PARRAGUIRRE, J.:

### INTRODUCTION

NRS 179.2405 through NRS 179.301, and most specifically NRS 179.245, provide a process by which people convicted of certain crimes may petition the district court to seal their criminal records. NRS 179.245(3) instructs the district court upon the filing of such a petition to notify, among other entities, the district attorney's office that prosecuted the petitioner. NRS 179.245(3) further provides that upon notification of the petition, the district attorney's office "may testify and present evidence at any hearing on the petition."

 

In 2017, the Legislature amended NRS 179.245 to clarify that district courts are not required to hold a hearing on every petition to seal criminal records. In so doing, the Legislature enacted a new subsection 4 permitting a district court to resolve the petition without a hearing if the district attorney's office stipulates to sealing the records, but requiring the district court to hold a hearing if the district attorney's office does not stipulate to sealing the records. The Legislature also enacted NRS 179.2445, which creates a rebuttable presumption in favor of sealing records.

In these consolidated writ petitions, petitioner Washoe County District Attorney's Office challenges respondent Second Judicial District Court's authority to compel it to participate in a record-sealing proceeding if it chooses to neither stipulate to nor oppose the petition to seal. As explained below, a criminal-record-sealing petition is a civil proceeding separate from the original criminal prosecution, and a district attorney's office is not a party to that record-sealing proceeding. Thus, if a district attorney's office chooses not to participate in a proceeding, the district court lacks the authority to compel it to do so. We therefore grant the Washoe County DA's writ petitions.

## FACTS

Following the Legislature's above-described 2017 amendments,[1] the Washoe County DA sent the district court a memorandum in January 2019 stating that it would henceforth participate in a given record-sealing proceeding only when it wanted to oppose the

---

[1]The Legislature amended NRS 179.245 again in 2019, taking effect July 1, 2020, although none of the subsections at issue here were substantively altered. *See* 2019 Nev. Stat., ch. 633, § 37, at 4405-07.

petition. Later in 2019, Edward Harsh, Thomas Stokley, and Thomas McCall each filed petitions with the district court to seal their criminal records. Thereafter, and as required by NRS 179.245(3), the district court notified the Washoe County DA that each petition had been filed. After each petitioner requested that his petition be submitted for decision, the district court issued substantively identical "Order[s] to Respond," one of which stated the following:

> IT IS HEREBY ORDERED that the District Attorney will file a response or opposition to the *Petition to Seal Records Pursuant to NRS 179.245 and NRS 179.255*, which shall include whether the representations of Petitioner's criminal history are consistent with the records of the Washoe County District Attorney's Office no later than ten (10) days from the date of this Order.

In lieu of responding, the Washoe County DA promptly filed these three identical writ petitions challenging the district court's authority to compel the Washoe County DA to participate in the record-sealing proceedings.[2]

## DISCUSSION

*Entertaining the writ petitions is warranted*

"A writ of prohibition may issue to arrest the proceedings of a district court exercising its judicial functions when such proceedings are in

---

[2]All three writ petitions name the State of Nevada as the petitioner. This appears to be a clerical error because the Washoe County DA filed the petitions. Accordingly, we direct the clerk of this court to modify the captions on these dockets to conform to the captions in this opinion.

excess of the jurisdiction of the district court."[3] *Club Vista Fin. Servs., LLC v. Eighth Judicial Dist. Court*, 128 Nev. 224, 228, 276 P.3d 246, 249 (2012). "A writ of prohibition is an extraordinary remedy, and therefore, the decision to entertain the petition lies within our discretion." *Daane v. Eighth Judicial Dist. Court*, 127 Nev. 654, 655, 261 P.3d 1086, 1087 (2011). We will generally entertain a petition for extraordinary relief when the petitioner lacks an adequate remedy at law. *Johanson v. Eighth Judicial Dist. Court*, 124 Nev. 245, 248-49, 182 P.3d 94, 96 (2008).

Here, the Washoe County DA does not have an adequate remedy at law. If the Washoe County DA were forced to participate in a record-sealing petition and were able to appeal the district court's order granting or denying the petition, we would not be able to redress the alleged harm inflicted on the Washoe County DA by being forced to participate. Additionally, whether a district court has authority to compel a district attorney's office to participate in a record-sealing petition is an important issue of law in need of clarification. *See Renown Reg'l Med. Ctr. v. Second Judicial Dist. Court*, 130 Nev. 824, 828, 335 P.3d 199, 202 (2014) (recognizing that entertaining a writ petition is appropriate when an important legal issue is in need of clarification). Accordingly, we elect to entertain the Washoe County DA's writ petitions.

*The district court lacks authority to compel the Washoe County DA to participate in a record-sealing petition*

The Washoe County DA contends that the district court exceeded its jurisdiction because it lacks authority to compel a district

---

[3]Although the Washoe County DA alternatively requests a writ of mandamus, a writ of prohibition is the more appropriate remedy because the issue presented implicates the district court's jurisdiction.

attorney's office to participate in a record-sealing petition. For support, the Washoe County DA relies on NRS 179.245(3) and (4), which provide the following:

> 3. Upon receiving a petition pursuant to this section, the court shall notify the law enforcement agency that arrested the petitioner for the crime and the prosecuting attorney, including, without limitation, the Attorney General, who prosecuted the petitioner for the crime. *The prosecuting attorney and any person having relevant evidence **may** testify and present evidence at any hearing on the petition.*

> 4. *If the prosecuting attorney who prosecuted the petitioner for the crime stipulates* to the sealing of the records after receiving notification pursuant to subsection 3[,] . . . the court may order the sealing of the records . . . without a hearing. *If the prosecuting attorney does not stipulate to the sealing of the records, a hearing on the petition must be conducted.*

(Emphases added.) According to the Washoe County DA, because subsection 3 *permits* the Washoe County DA to testify and present evidence, it can choose not to. The Washoe County DA further contends that subsection 4 is also permissive, in that the Washoe County DA can choose to either stipulate to sealing or simply not stipulate. The Washoe County DA additionally contends that the Legislature's 2017 amendments to the record-sealing statutes, which included the addition of subsection 4, were intended to streamline the record-sealing process and that the Washoe County DA's election not to participate in the process serves that intent. *See* 2017 Nev. Stat., ch. 378, § 3, at 2412 (enacting NRS 179.2405, which provides that *"[t]he Legislature hereby declares that the public policy of this State is to favor the giving of second chances to offenders who are rehabilitated and the sealing of the records of such persons"*); *id.* at 2411-12

Supreme Court
of
Nevada

(O) 1947A

6

(Legislative Counsel's Digest describing the changes to the record-sealing process).

In opposition, the district court does not directly dispute the Washoe County DA's reading of NRS 179.245. Instead, it contends that it has "the inherent authority" to compel the Washoe County DA to participate. For support, it relies on *State ex rel. Marshall v. Eighth Judicial District Court*, 80 Nev. 478, 482, 396 P.2d 680, 682 (1964), in which we concluded that a district court had the inherent authority "to exercise reasonable control over a criminal proceeding" by ordering the district attorney to prepare a trial transcript for the defendant. However, NRS 179.245(7) expressly provides that a record-sealing petition is a "civil proceeding" that is necessarily separate from the original criminal prosecution of the person seeking to seal records.[4] And while NRS 179.245(3) requires the district court to notify the Washoe County DA that a record-sealing petition has been filed, the petitioner is *not* required to serve the petition on the Washoe County DA as would be required to render the Washoe County DA a party to the proceeding. *See* NRS 179.245(2) (listing requirements for filing a record-sealing petition, which do not include serving the petition on the district attorney's office); *see also* NRCP 4(c) (requiring a civil complaint to be served on each party named in the complaint). Thus, *Marshall* is inapposite because the district attorney was a party in that case and was thereby subject to the district court's inherent authority. Here, however, the Washoe County DA is not a party to civil

---

[4]The Washoe County DA indicates that record-sealing petitions are assigned docket numbers different from the cases in which the Washoe County DA undertook the criminal prosecution.

record-sealing petitions, and absent such status, we cannot conclude that the district court's inherent authority permits it to compel a nonparty to participate.[5]

Accordingly, we agree with the Washoe County DA that NRS 179.245(3) and (4) *permit* the Washoe County DA to participate in a record-sealing petition but do not *require* it to do so, and that the district court otherwise lacks authority to compel the Washoe County DA to participate. The district court exceeded its authority, so a writ of prohibition is appropriate. *Club Vista*, 128 Nev. at 228, 276 P.3d at 249.

We do, however, empathize with the district court's frustration. The Washoe County DA's policy essentially forces the district court to hold a hearing when the Washoe County DA does not stipulate to sealing, *see* NRS 179.245(4), but leaves nobody at the hearing to rebut the presumption that the records should be sealed, *see* NRS 179.2445.[6] We are also concerned with the Washoe County DA's unexplained rationale for why it could not simply stipulate to sealing if it did not oppose sealing in a particular case. That being said, NRS 179.245(3) and (4) are unambiguously permissive, and

---

[5]The district court also argues that ordering the Washoe County DA to participate is akin to issuing a writ of mandamus, which the district court is constitutionally authorized to do. *See* Nev. Const. art. 6, § 6(1). However, a writ of mandamus is appropriate "to compel the performance of an act which the law especially enjoins as a duty resulting from an office, trust or station," NRS 34.160, and if the Washoe County DA has no duty to participate in a record-sealing petition, a writ of mandamus compelling the Washoe County DA to do so would be ineffective.

[6]NRS 179.245(3) does permit "any person having relevant evidence" to participate in the hearing. However, given NRS 179.245(3)'s list of entities that are notified of the petition, it appears that the Washoe County DA would have the most relevant evidence in the majority of cases.

we are confined to construe them accordingly. *City Council of Reno v. Reno Newspapers, Inc.*, 105 Nev. 886, 891, 784 P.2d 974, 977 (1989) ("When the language of a statute is plain and unambiguous, a court should give that language its ordinary meaning and not go beyond it.").

Consistent with the foregoing, we grant the Washoe County DA's writ petitions. Accordingly, we direct the clerk of this court to issue writs of prohibition instructing the Second Judicial District Court to vacate its orders requiring the Washoe County District Attorney's Office to respond to the record-sealing petitions.

_____, J.
Parraguirre

We concur:

_____, J.
Hardesty

_____, J.
Cadish