# IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
MONICA TRUJILLO, DISTRICT
JUDGE,
Respondents,
and
BRANDON ALEXANDER MCGUIRE,
Real Party in Interest.

No. 83269



FILED

FEB 1 8 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER DENYING PETITION*

In this original petition for a writ of mandamus or prohibition, the State challenges a district court ruling granting a motion to preclude testimony from the alleged victim after the State failed to comply with NRS 174.234's notice requirements.

The State argues that mandamus relief is warranted because the district court manifestly abused its discretion by striking its witness after the State failed to disclose the witness's address under NRS 174.234.[1]

---

[1]The State also asks for a writ of prohibition, but provides no legal authority or argument showing that the district court lacked jurisdiction. *See* NRS 34.320 (providing that a writ of prohibition is available where a court acts "without or in excess of . . . [its] jurisdiction"); *see also Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 224, 88 P.3d 840, 841 (2004) (stating that petitioners have the burden to show that extraordinary relief

22-05480

It adds that, because it cannot appeal the district court's order, it has an inadequate remedy at law that warrants writ relief.

The decision to entertain a writ petition is within our discretion. *Daane v. Eighth Judicial Dist. Court*, 127 Nev. 654, 655, 261 P.3d 1086, 1087 (2011). We "may exercise . . . [our] discretion to entertain a petition for mandamus relief where the circumstances reveal urgency and strong necessity," *Barngrover v. Fourth Judicial Dist. Court*, 115 Nev. 104, 111, 979 P.2d 216, 220 (1999), such as when "the State has no other remedy at law because it cannot appeal the final judgment in a criminal case," *State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. 927, 931, 267 P.3d 777, 780 (2011). Thus, we choose to entertain the State's mandamus petition.

In determining whether to issue a writ of mandamus, we "consider[ ] whether the district court's evidentiary ruling was a manifest abuse or arbitrary or capricious exercise of its discretion." *Id.* "A manifest abuse of discretion is a clearly erroneous interpretation of the law or a clearly erroneous application of a law or rule." *Id.* at 932, 267 P.3d at 780 (internal quotation marks omitted).

At least five-judicial days before a felony trial, the State is required to provide the defendant with "written notice containing the names and last known addresses of all witnesses" it intends to call. NRS 174.234(1)(a)(2). If the State fails to provide this statutory notice, the district court "*may* . . . prohibit the party from introducing in evidence the material not disclosed." NRS 174.295(2) (emphasis added).

Under the plain meaning of NRS 174.295(2), the district court had discretion to prohibit the State's witness from testifying after the State

_____

is warranted). Thus, we decline the State's invitation to issue a writ of prohibition.

failed to disclose the witness's address under NRS 174.234(1)(a)(2). Because NRS 174.295(2) gives the district court discretion to exclude an improperly-noticed witness, we conclude that the district court did not manifestly abuse its discretion—which requires an erroneous interpretation of law—by striking the State's witness.[2] *See Lund v. Eighth Judicial Dist. Court*, 127 Nev. 358, 363, 255 P.3d 280, 284 (2011) (stating that a "writ will lie where, under the facts, th[e] [district court's] discretion can be exercised in only one way." (internal quotation marks omitted)).

Insofar as the State argues that it had no address to disclose, we are unpersuaded. The affidavit from the State's investigator stated that the witness had four possible addresses and provided the State with "an incomplete address that did not have an [apartment number] attached." Thus, even if it were incomplete, the State could have disclosed the witness's last known address. *See* NRS 174.234(1)(a)(2) (requiring the State to give the defense the witness's "last known address[ ]," but not *complete* address).

We further emphasize that the defense previously moved to compel the State to disclose the witness's address, and at a hearing on this matter, the district court continued the trial and ordered the State to comply with NRS 174.234. More than a year later, the State still had not disclosed the witness's address, leading to the defense's instant motion to strike. Given that the State had more than a year to disclose the witness's

---

[2]The State concedes that it failed to disclose the witness's address as required by NRS 174.234(1)(a)(2) but contends that this failure was not in bad faith. Although the district court must exclude the testimony of an *expert* witness if the failure to disclose that witness was in bad faith, *see* NRS 174.234(3)(b), there is no similar requirements for a *lay* witness, which the district court has discretion to exclude even absent a showing of bad faith under NRS 174.295(2). Thus, even if the State did not act in bad faith, the district court had discretion to strike its improperly-noticed witness.

address and still failed to do so, we cannot conclude that the district court manifestly abused its discretion by striking the State's witness.

Likewise, the State's reliance on other caselaw is unpersuasive. Although the State argues that an improperly-noticed witness should be excluded only if the defendant has been prejudiced in a manner amounting to reversible error, *see Jones v. State*, 113 Nev. 454, 473, 937 P.2d 55, 67 (1997), a mandamus petition reviews whether the district court's decision was a manifest abuse of discretion. Again, the district court did not manifestly abuse its discretion because it had statutory authority to strike the State's witness under NRS 174.295(2).[3]  Thus, we conclude our extraordinary intervention is unwarranted.

Accordingly, we

ORDER the petition DENIED.

_____, J.
Hardesty

_____, J.          _____, J.
Stiglich                                            Herndon

cc:  Hon. Monica Trujillo, District Judge
     Hon. Linda M. Bell, Chief Judge
     Attorney General/Carson City
     Clark County District Attorney
     Clark County Public Defender
     Eighth District Court Clerk

---

[3]For that reason, we also reject the State's contention that the district court should have ordered a continuance.