IN THE SUPREME COURT OF THE STATE OF NEVADA

LUXX LIGHTING, INC.,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
NADIA KRALL, DISTRICT JUDGE,
Respondents,
and
FOHSE, INC.,
Real Party in Interest.

No. 84368

FILED

OCT 11 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

### *ORDER DENYING PETITION*

This original petition for a writ of prohibition challenges a district court order denying a motion for judgment on the pleadings. Having considered the petition, answer, and reply, we conclude that our intervention is not warranted at this time.

Because a writ petition seeks extraordinary relief, the consideration of the petition is within our sole discretion. *Okada v. Eighth Judicial Dist. Court*, 134 Nev. 6, 8, 408 P.3d 566, 569 (2018). When there is no "plain, speedy, and adequate remedy in the ordinary course of law," NRS 34.170, a writ of prohibition may be available to "arrest[ ] the proceedings of any tribunal . . . exercising judicial functions, when such proceedings are without or in excess of the jurisdiction of such tribunal," NRS 34.320; *Daane v. Eighth Judicial Dist. Court*, 127 Nev. 654, 655, 261 P.3d 1086, 1087 (2011).

As a general rule, we will not entertain a writ petition that challenges a district court order denying a motion for judgment on the pleadings. *Chur v. Eighth Judicial Dist. Court*, 136 Nev. 68, 70, 458 P.3d

22-32062

336, 339 (2020). And we are not convinced that this petition implicates any exception to that general rule. *See id.* (reviewing such orders only where "(1) no factual dispute exists and the district court is obligated to [grant the motion] pursuant to clear authority under a statute or rule; or (2) an important issue of law needs clarification and considerations of sound judicial economy and administration militate in favor of granting the petition"). First, petitioner has not demonstrated that the district court was obligated to grant the motion under clear legal authority. Petitioner moved for judgment on the pleadings on the ground that the district court lacked jurisdiction over petitioner. A defendant may use a motion for judgment on the pleadings "to raise various rule 12(b) defenses regarding procedural defects."[1] *Alexander v. City of Chicago*, 994 F.2d 333, 336 (7th Cir. 1993). But this is limited to "only *certain* procedural defenses after the close of the pleadings, as authorized by Rule 12(h)(2) and (3)." *Mussat v. Enclarity, Inc.*, 362 F. Supp. 3d 468, 472 (N.D. Ill. 2019); *see* 5C Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure* § 1367 (3d ed. 2018). Because NRCP 12(h)(2) and (3) do not include the defense of a lack of personal jurisdiction, a motion for judgment on the pleadings cannot be used to assert that defense. *See Mussat*, 362 F. Supp. 3d at 472 (concluding that "the only 12(b) defenses that may properly be brought after the close of pleadings in a 12(c) motion" include a failure to state a claim upon which relief can be granted, failure to join a necessary party, and lack of subject matter jurisdiction); 5C Wright & Miller, *supra*, § 1367 (explaining "that

[1]"Federal cases interpreting the Federal Rules of Civil Procedure are strong persuasive authority, because the Nevada Rules of Civil Procedure are based in large part upon their federal counterparts." *McClendon v. Collins*, 132 Nev. 327, 330, 372 P.3d 492, 494 (2016) (internal citation and quotation marks omitted).

the defenses of failure to state a claim upon which relief can be granted, failure to join a party under Rule 19 without whom the action cannot proceed, and failure to state a legal defense to a claim may be raised on a motion for judgment on the pleadings"). Second, because petitioner can move for an evidentiary hearing on personal jurisdiction or challenge it at trial (provided it has not been waived), considerations of sound judicial economy and administration do not militate in favor of granting the petition.[2] *See Trump v. Eighth Judicial Dist. Court*, 109 Nev. 687, 693-94, 857 P.2d 740, 744-45 (1993) (discussing the different manners a defendant may challenge personal jurisdiction before and at trial). For these reasons, we

ORDER the petition DENIED.[3]



_____, C.J.
Parraguirre

_____, J.
Herndon

_____, Sr.J.
Gibbons

---

[2]The parties dispute whether petitioner waived personal jurisdiction, *see Superpumper, Inc. v. Leonard, Tr. for Bankr. Est. of Morabito*, 137 Nev., Adv. Op. 43, 495 P.3d 101, 106 (2021) (holding that personal jurisdiction is an affirmative defense which is waived if not raised in the responsive pleading), but we do not reach this issue because the district court order does not explicitly address it. *See 9352 Cranesbill Tr. v. Wells Fargo Bank*, 136 Nev. 76, 82, 459 P.3d 227, 232 (2020) (providing that "this court will not address issues that the district court did not directly resolve").

[3]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.

SUPREME COURT
OF
NEVADA

(O) 1947A

cc:    Hon. Nadia Krall, District Judge
Snell & Wilmer, LLP/Las Vegas
Lamkin IP Defense
Simons Hall Johnston PC/Reno
Eighth District Court Clerk