OPINION
 
 [2]
 

 By the Court,
 

 Douglas, J.:
 

 This original petition for a writ of mandamus or prohibition challenges a district court order sealing the entire case file and the issuance of a gag order,
 
 [3]
 
 sua sponte, restricting all parties and their attorneys from discussing the case with the public. In this petition, we consider whether the district court manifestly abused its discretion when it ordered the entire case file sealed, without making any findings under NRS 125.110, and prohibited all communication relating to the case, without providing notice or a meaningful opportunity to be heard.
 

 We conclude that by failing to comply with NRS 125.110 when it sealed the entire case file, the district court manifestly abused its discretion. We also conclude that the district court manifestly abused its discretion when it, sua sponte, issued a gag order prohibiting all communication relating to the case, without providing reasonable notice that it was considering such a restrictive order. Gag orders may be issued only when: (1) the activity poses a clear and present danger or a serious and imminent threat to a protected competing interest, (2) the order is narrowly drawn, and (3) no less restrictive means are available. Because here, these requirements were not met, and for the reasons stated below, we grant this petition for extraordinary writ relief.
 

 
 *248
 

 FACTS AND PROCEDURAL HISTORY
 

 Petitioner Jane Elizabeth Johanson and real party in interest Robert W. Lueck obtained a divorce in December 1999. Lueck, a district court judge at the time, was ordered to pay monthly child support as part of the divorce decree.
 

 In November 2004, Lueck failed in his bid for reelection as district court judge; this prompted him to file a motion to reduce the child support payments. During an August 2005 hearing on Lueck’s motion, the district court raised the issue of whether the proceedings should be sealed. Following the hearing, the district court entered an order reducing child support arrears to judgment and reducing the amount of future child support payments. The order failed, however, to mention anything about sealing the record.
 

 Shortly after the order’s entry, Lueck filed a motion to correct clerical errors. Specifically, Lueck argued that the order reducing child support arrears to judgment was inaccurate. During the hearing on his motion, Lueck stated that he was again running for a district court judgeship and he did not want the arrears order used against him during his campaign.
 

 Following the hearing, the district court entered an order sealing the entire case file and sua sponte issued a gag order preventing all parties and attorneys from disclosing any documents or discussing any portion of the case.
 

 Johanson now petitions this court for a writ of mandamus or prohibition directing the district court to vacate its order sealing the entire case file and its gag order or, in the alternative, to issue a writ directing the district court to amend its order by complying with the constitutional and statutory provisions governing records in a divorce proceeding.
 

 DISCUSSION
 

 Standards of writ relief
 

 The decision to entertain a petition for a writ of mandamus lies within this court’s discretion.
 
 [4]
 
 A writ of mandamus is used to mandate the performance of a legally required act or to control an arbitrary or capricious exercise of discretion.
 
 [5]
 
 A writ of prohibition is utilized to arrest district court proceedings when such proceedings exceed the district court’s jurisdiction.
 
 [6]
 
 We generally will exercise our discretion to entertain petitions for mandamus or prohi
 
 *249
 
 bition only when no “plain, speedy and adequate remedy [exists] in the ordinary course of law.”
 
 [7]
 
 Although an appeal, even if not immediately available, often constitutes an adequate and speedy legal remedy,
 
 [8]
 
 in this instance, an appeal would not be adequate or speedy.
 
 [9]
 
 As no adequate legal remedy is available and because the issues raised warrant our attention, we elect to exercise our discretion to entertain the merits of Johanson’s writ petition. Our consideration of legal issues is de novo, even in the context of a petition for extraordinary relief.
 
 [10]
 

 Sealing divorce papers in violation ofNRS 125.110
 

 Johanson contends that the district court’s order, which seals the entire case file, fails to address the requirements ofNRS 125.110. We agree.
 

 NRS 125.110 provides that in any action for divorce, when the complaint is not answered by the defendant, the following pleadings and papers “shall” remain open for public inspection: summons, complaint, judgment, and the affidavit and order for publication of summons. In all other divorce cases, the pleadings, findings of the court, orders made on motion, and judgment “shall” remain open.
 
 [11]
 
 All remaining papers must be sealed upon the written request of either party to the action.
 
 [12]
 

 NRS 125.110 must be strictly construed,
 
 [13]
 
 and “[w]hen a statute is clear on its face, we will not look beyond the statute’s plain language.”
 
 [14]
 
 NRS 125.110 plainly states that certain documents in divorce proceedings “shall” remain open to the public. “ ‘[S]hall’ is
 
 *250
 
 mandatory and does not denote judicial discretion.”
 
 [15]
 
 Accordingly, we conclude that, under NRS 125.110, the district court has no discretion in divorce cases to seal pleadings,
 
 [16]
 
 court findings, orders that resolve motions, or judgments.
 
 [17]
 

 Because NRS 125.110(2) allows the court to seal only certain documents in a divorce proceeding, and only upon a party’s written request, here, the court’s order sealing the entire case file, including all orders, judgments and decrees, when no written request was made, was a manifest abuse of discretion.
 

 Lueck contends, however, that the district court’s inherent power to completely seal divorce cases extends beyond NRS 125.110.
 
 [18]
 
 We are not persuaded by this argument. Even if the district court retains inherent authority to seal the record in divorce cases, here, Lueck has failed to demonstrate that the district court’s order sealing the entire case file was a necessary exercise of that power to protect his or any other person’s rights or to otherwise administer justice.
 
 [19]
 
 Therefore, we need not further address this issue.
 

 Accordingly, we conclude that the district court was obligated to leave the record in this matter unsealed.
 

 Gag order
 

 Johanson contends that the gag order issued by the district court is unconstitutionally vague and overbroad. Specifically, Johanson
 
 *251
 
 argues that the gag order violates free speech guarantees under the First Amendment to the United States Constitution and Article 1, Section 9 of the Nevada Constitution because the order’s limits and requirements are unascertainable. We agree.
 

 A gag order preventing participants from making extra-judicial statements about their own case amounts to a prior restraint on speech and undermines First Amendment rights.
 
 [20]
 
 “Prior restraints are subject to strict scrutiny because of the peculiar dangers presented by such restraints.”
 
 [21]
 
 The United States Court of Appeals for the Ninth Circuit has held that a district court may enter a gag order only when: “(1) the activity restrained poses either a clear and present danger or a serious and imminent threat to a protected competing interest, (2) the order is narrowly drawn, and (3) less restrictive alternatives are not available.’ ’
 
 [22]
 
 We adopt this standard.
 
 [23]
 

 Serious and imminent threat
 

 In
 
 Levine v. United States District Court for Central District of
 
 California,
 
 [24]
 
 the Ninth Circuit reviewed a federal district court order preventing the parties, counsel, and their representatives from discussing the case with the news media. The federal district court’s decision to issue the order was based upon its findings that publicity posed a serious and imminent threat to the administration of justice.
 
 [25]
 
 On appeal, the Ninth Circuit determined that “the district court’s conclusion that publicity posed a serious and imminent threat to the administration of justice was appropriate.”
 
 [26]
 

 Unlike in the
 
 Levine
 
 case, the district court here failed to consider whether potential publicity posed a serious and imminent threat to a protected competing interest. Instead, the district court merely acknowledged the possibility that the judgment for child support arrears could be used against Lueck in his judicial cam
 
 *252
 
 paign. Because Lueck’s judicial campaign has no apparent bearing on the administration of justice or any other protected interest, we conclude that the conduct prohibited in the district court’s gag order did not meet this prong of the standard as a matter of law.
 
 [27]
 

 Narrowly drawn
 

 “A restraining order is unconstitutionally vague if it fails to give clear guidance regarding the types of speech for which an individual may be punished.”
 
 [28]
 

 Here, the district court’s gag order prevented ‘ ‘the parties, their attorneys and any employees or persons associated with the parties or their counsel . . . from disclosing any documents from this case or discussing this case with any . . . other party or disclosing any information about this case to any other party or individual.” The limits of this order are endless. As stated by the Supreme Court of Illinois, such sweeping prior restraints on speech “are just too broad to pass constitutional muster.”
 
 [29]
 
 Further, the district court’s gag order fails to set forth a date of expiration. Nothing in the record indicates that a perpetual gag order was necessary to protect a competing interest. Because of the reasons set forth above and the related failure to comply with NRS 125.110, we conclude that the district court’s gag order is overbroad.
 

 Less restrictive alternatives
 

 “[T]he district court’s order may be upheld only if the . . . less restrictive alternatives are not available.’ ’
 
 [30]
 
 Here, the district court failed to make any findings as to whether the gag order was the least restrictive means to protect against the perceived threats to the purported interest at stake. Accordingly, we conclude that the district court’s failure to explore less restrictive alternatives adds no support to the constitutionality of the gag order.
 

 Therefore, we conclude that the gag order violates both the United States and Nevada Constitutions because the district court made no findings related to a serious and imminent threat to the administration of justice, or any other protected interest, failed to narrowly tailor the order to those findings, and failed to explore
 
 *253
 
 whether any less restrictive alternative means to protect that interest was available.
 
 [31]
 

 Johanson also contends her procedural due process rights were violated when the district court raised the issue of a gag order sua sponte without first providing her with reasonable notice. Procedural due process ensures that the litigant is afforded “reasonable notice of and an opportunity to oppose a restrictive order’s issuance.”
 
 [32]
 
 Accordingly, the district court should have provided Johanson with reasonable notice that it was considering such a restrictive order affecting her due process liberty and property interests,
 
 [33]
 
 but no such notice was afforded here.
 

 CONCLUSION
 

 We conclude that the district court was obligated to maintain the divorce proceedings’ public status under NRS 125.110 and manifestly abused any discretion it possessed when it sealed the entire case file. We further conclude that the district court abused its discretion when it issued an overly broad gag order sua sponte, without giving notice or a meaningful opportunity to be heard, without making any factual findings with respect to the need for such an order in light of any clear and present danger or threat of serious and imminent harm to a protected interest, and without examining the existence of any alternative means by which to accomplish this purpose. Gag orders must be narrowly drawn if no less restrictive means are available; they may be entered only when there exists a serious and imminent threat to the administration of justice. This was certainly not the case here.
 

 Accordingly, as mandamus is available to compel an act that the law requires and to control a manifest abuse of discretion, we grant the petition for a writ of mandamus. The clerk of this court shall issue a writ of mandamus directing the district court to vacate its order sealing the entire case file and the gag order restricting all communication regarding the case.
 

 Gibbons, C. J., Maupin, Hardesty, Parraguirre and Cherry, JJ., and Agosti, Sr. J., concur.
 

 [2]
 

 We previously issued an opinion in this matter on December 27, 2007. In an order entered on May 1, 2008, we directed the clerk to withdraw the prior opinion. This opinion is issued in place of the prior opinion.
 

 [3]
 

 The term “gag order,” as used in this opinion, is defined as an order that prohibits all parties, their attorneys and any employees or persons associated with the parties or their counsel from disclosing any documents from a case or discussing any portion of a case with any other private party or disclosing any information about a case to any other party or individual.
 

 [4]
 

 Hickey
 
 v.
 
 District Court,
 
 105 Nev. 729, 731, 782 P.2d 1336, 1338 (1989).
 

 [5]
 

 DR Partners
 
 v.
 
 Bd. of County Comm’rs,
 
 116 Nev. 616, 620, 6 P.3d 465, 468 (2000) (citation omitted); NRS 34.160.
 

 [6]
 

 NRS 34.320.
 

 [7]
 

 NRS 34.170; NRS 34.330.
 

 [8]
 

 Rm
 
 v.
 
 Dist. Ct.,
 
 120 Nev. 222, 225, 88 P.3d 840, 841 (2004).
 

 [9]
 

 Even though the parties suggest that the portion of the district court’s order that prohibits communications is equivalent to an injunction and thus appeal-able under NRAP 3A(b)(2), the other portion of that order, which seals the record, bears no injunctive qualities. Consequently, without deciding whether the district court’s order constitutes an injunction, we elect, in the interests of sound judicial economy, to consider the entirety of Johanson’s challenge to the order in the context of this writ petition.
 
 See Redeker
 
 v.
 
 Dist. Ct.,
 
 122 Nev. 164, 167, 127 P.3d 520, 522 (2006) (noting that this court weighs interests of judicial economy and administration when determining whether to consider a writ petition).
 

 [10]
 

 See Marquis & Aurbach
 
 v.
 
 Dist. Ct.,
 
 122 Nev. 1147, 1156, 146 P.3d 1130, 1136 (2006).
 

 [11]
 

 NRS 125.110(1)(b).
 

 [12]
 

 NRS 125.110(2).
 

 [13]
 

 Wulford v. Davey,
 
 64 Nev. 506, 511, 186 P.2d 360, 362 (1947).
 

 [14]
 

 Washoe Med. Ctr. v. Dist. Ct.,
 
 122 Nev. 1298, 1302, 148 P.3d 790, 792-93 (2006).
 

 [15]
 

 Id.
 
 at 1303, 148 P.3d at 793 (citing
 
 Tarango
 
 v.
 
 SIIS,
 
 117 Nev. 444, 451 n.20, 25 P.3d 175, 180 n.20 (2001) (“ ‘[I]n statutes, “may” is permissive and “shall” is mandatory unless the statute demands a different construction to carry out the clear intent of the legislature.’ ” (citation omitted))).
 

 [16]
 

 “Pleadings” are defined as “formal documents] in which a party to a legal proceeding sets forth or responds to allegations, claims, denials, or defenses.”
 
 Black’s Law Dictionary
 
 1191 (8th ed. 2004). In Nevada, pleadings allowed in civil actions are limited to “complaints, answers and replies.”
 
 Smith
 
 v.
 
 District Court,
 
 113 Nev. 1343, 1346, 950 P.2d 280, 282 (1997);
 
 see also
 
 NRCP 7(a).
 

 [17]
 

 NRS 125.110.
 

 [18]
 

 See, e.g., Nixon
 
 v.
 
 Warner Communications, Inc.,
 
 435 U.S. 589, 598-99 (1978) (noting that “[e]very court has supervisory power over its own records and files,” and the decision to allow access to court records is best left to the sound discretion of the trial court);
 
 Whitney
 
 v.
 
 Whitney,
 
 330 P.2d 947, 951 (Cal. Ct. App. 1958) (providing that alimony proceeding can be closed for the welfare of a child);
 
 State
 
 v.
 
 Grimes,
 
 29 Nev. 50, 81, 84 P. 1061, 1071 (1906) (stating that there are stronger reasons to deny public access to judicial records concerning private matters when public access “could only serve to satiate a thirst for scandal”);
 
 Katz v. Katz,
 
 514 A.2d 1374, 1379 (Pa. Super. Ct. 1986) (recognizing that “no legitimate purpose can be served by broadcasting the intimate details of a soured marital relationship,” however, good cause must be shown before a proceeding can be closed).
 

 [19]
 

 We note that Lueck’s contentions are not supported by legislative history or case authority in Nevada regarding the use of inherent power.
 

 [20]
 

 U.S.
 
 v. SCARFO, 263 F.3d 80, 92 (3d Cir. 2001).
 

 [21]
 

 Levine
 
 v.
 
 U.S. Dist. Court for C. Dist. of
 
 Cal., 764 F.2d 590, 595 (9th Cir. 1985).
 

 [22]
 

 Id.
 
 (internal citations omitted).
 

 [23]
 

 We adopt the
 
 Levine
 
 standard, irrespective of
 
 Levine’s
 
 nature as a criminal matter, because the standard adequately protects important free speech rights.
 

 [24]
 

 Levine, 764
 
 F.2d at 593.
 

 [25]
 

 Id.
 
 at 597. The federal district court based its decision as to an imminent threat on oral findings that comprehensive pretrial communications by trial counsel in the public press seriously impeded the fair and effective administration of justice in that matter.
 

 [26]
 

 Id.
 
 at 598.
 

 [27]
 

 Ordinarily, a fact-based determination must be made by the district court in the first instance, as noted.
 
 Id.
 
 at 595. The finding here fails
 
 Levine
 
 as a matter of law.
 

 [28]
 

 Id.
 
 at 599.
 

 [29]
 

 Kemner
 
 v.
 
 Monsanto Co.,
 
 492 N.E.2d 1327, 1338-39 (Ill. 1986) (reversing a gag order on grounds that it was unconstitutionally overbroad and vague because it prohibited all speech regarding the case).
 

 [30]
 

 Levine, 764 F.2d at 595 (citations omitted).
 

 [31]
 

 We have also considered Johanson’s arguments that: (1) the district court’s order violated EDCR 5.20(i), and (2) Lueck was provided with special treatment as a former district court judge. However, we conclude that they lack merit.
 

 [32]
 

 Jordan v. State, Dep’t of Motor Vehicles,
 
 121 Nev. 44, 60, 110 P.3d 30, 42 (2005).
 

 [33]
 

 Id. at 60, 110 P.3d at 42-43;
 
 Castle Rock v. Gonzales,
 
 545 U.S. 748, 756 (2005) (“The procedural component of the Due Process Clause does not protect everything that might be described as a ‘benefit’ . . . .”).