IN THE SUPREME COURT OF THE STATE OF NEVADA

JOANNA SARAH WELLER,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF CLARK;
AND THE HONORABLE WILLIAM D.
KEPHART, DISTRICT JUDGE,
Respondents,
and
AMANDA RILEY,
Real Party in Interest.

No. 81685

FILED

OCT 01 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER GRANTING PETITION IN PART*

This original First Amendment petition for a writ of mandamus challenges a district court order as an unconstitutional prior restraint on free speech.[1]

Real party in interest Amanda Riley sued petitioner Joanna Sarah Weller for defamation and intentional infliction of emotional distress based on social media posts and other communications Weller made that allegedly disparaged Riley. After the district court granted Riley's request for a temporary restraining order limiting Weller's communications about Riley, Riley sought a preliminary injunction to prevent Weller from making

---

[1]We deny the alternative request for a writ of prohibition because the district court had jurisdiction such that a writ of prohibition is not available. *See Goicoechea v. Fourth Judicial Dist. Court*, 96 Nev. 287, 289, 607 P.2d 1140, 1141 (1980) (holding that a writ of prohibition "will not issue if the court sought to be restrained had jurisdiction to hear and determine the matter under consideration"); *see also* NRS 34.320.

20-35952

what Riley described as false and defamatory statements regarding her. Weller argued that the requested relief would impose an unconstitutional prior restraint on her First Amendment freedom-of-speech rights. The district court granted the motion and entered an order prohibiting Weller from communicating "any form of . . . false or defamatory communication" regarding Riley or her counsel while the case is pending. The order further prohibits Weller from sending "false or defamatory communications to any other third persons" or Riley's business contacts while the case is pending.

Weller now challenges the district court's order as an unconstitutional prior restraint on her First Amendment freedom of speech.[2] We conclude that this matter is properly before us in this mandamus proceeding. *See generally* NRS 34.185 (addressing an application for mandamus that alleges an unconstitutional prior restraint of First Amendment rights); *see also Johanson v. Eighth Judicial Dist. Court*, 124 Nev. 245, 249-51, 182 P.3d 94, 96-98 (2008) (recognizing that an

---

[2]Weller also challenges the temporary restraining order on similar grounds. Her challenge to the temporary restraining order is moot, however, because that order has expired. *See Personhood Nev. v. Bristol*, 126 Nev. 599, 602, 245 P.3d 572, 574 (2010) (providing that an issue is moot when it no longer presents a live controversy and that "[t]his court's duty is not to render advisory opinions but, rather, to resolve actual controversies by an enforceable judgment"). Because Weller has not cogently argued that the issue is capable of repetition yet evading review, we decline to take any action with respect to the temporary restraining order. *See id.* at 602, 245 P.3d at 574 (recognizing the exception to the mootness doctrine); *Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (declining to consider issues that are not supported by cogent argument). However, we recognize that the prior restraint analysis set forth in this order would be the same with respect to the temporary restraining order.

appeal would not be an adequate and speedy remedy for a gag order amounting to an unconstitutional prior restraint).

The First Amendment "afford[s] special protections against orders that prohibit the publication or broadcast of particular information or commentary—orders that impose a 'previous' or 'prior' restraint on speech." *Neb. Press Ass'n v. Stuart*, 427 U.S. 539, 556 (1976) (also noting the First Amendment applies to the States via the Fourteenth Amendment). Indeed, "prior restraints on speech and publication are the most serious and least tolerable infringement on First Amendment rights," *id.* at 559, and are presumptively unconstitutional, *Las Vegas Review-Journal v. Eighth Judicial Dist. Court (LVRJ)*, 134 Nev. 40, 43, 412 P.3d 23, 26 (2018) (citing *Org. for a Better Austin v. Keefe*, 402 U.S. 415, 419 (1971)). The district court's preliminary injunction clearly amounts to a prior restraint as it freezes Weller's ability to exercise her freedom-of-speech rights. *See Neb. Press Ass'n*, 427 U.S. at 559 (recognizing that prior restraint freezes the freedom of speech).

Because prior restraint orders like the one at issue here pose "peculiar dangers," they are subject to strict scrutiny. *Johanson*, 124 Nev. at 251, 182 P.3d at 98 (quoting *Levine v. U.S. Dist. Court for Cent. Dist. of Cal.*, 764 F.2d 590, 595 (9th Cir. 1985)). A prior restraint on speech may be imposed only when "(1) the activity restrained poses either a clear and present danger or a serious and imminent threat to a protected competing interest, (2) the order is narrowly drawn, and (3) less restrictive alternatives

are not available." *Id.* (quoting *Levine*, 764 F.2d at 595). None of those requirements were met in this case.[3]

As in *Johanson*, the district court here did not appear to consider whether there was a "serious and imminent threat to a protected competing interest." *Id.* Although Riley asserts a competing privacy interest in response to the writ petition, she provides no legal authority supporting her argument. Regardless, the United States Supreme Court has rejected such an interest as an adequate reason to impose a prior restraint. *Keefe*, 402 U.S. at 419-20 (addressing a prior restraint prohibiting the distribution of leaflets criticizing a party's business practices); *see also Int'l Olympic Comm. v. S.F. Arts & Athletics*, 789 F.2d 1319, 1325 (9th Cir. 1986) (Kozinski, J., dissenting) (recognizing that the Supreme Court has relied on the heavy presumption that prior restraints are unconstitutional to justify striking such orders "even where adopted to protect important public or private interests"). And any claimed privacy interest has greatly diminished considering Weller already published the information Riley complains of. *See LVRJ*, 134 Nev. at 45-46, 412 P.3d at 27-28 (concluding that the prior publication of the information subject to the prior restraint "diminished [the proponents'] privacy interests beyond the point of after-the-fact injunctive repair" and that the prior restraint therefore did "not accomplish the stated goal of protecting the [proponents'] privacy interests"). Finally, neither Riley nor her counsel attempted to assert a competing interest that would justify a prior restraint of Weller's speech

---

[3]We recognize that this court approved the use of a preliminary injunction in a defamation case in *Guion v. Terra Marketing of Nevada, Inc.*, 90 Nev. 237, 240, 523 P.2d 847, 848 (1974), but that case did not address the constitutional concerns Weller raises in her petition and therefore is not controlling.

regarding Riley's counsel. Riley therefore did not meet her burden of justifying a prior restraint. *See id.* at 44, 412 P.3d at 26 ("[T]he proponent of [a prior restraint] order 'carries a heavy burden of showing justification for the imposition of such a restraint.'" (quoting *N.Y. Times Co. v. United States*, 403 U.S. 743, 714 (1971) (further internal quotation marks omitted))). Accordingly, we conclude that the activity restrained by the district court's order does not satisfy the first prong of the standard for imposing a prior restraint. *See Johanson*, 124 Nev. at 251-52, 182 P.3d at 98 (concluding that the prior restraint failed under the first prong as a matter of law because the activity restrained had "no apparent bearing on . . . any . . . protected interest").

The prior restraint also was not narrowly drawn. Under this prong of the standard, a prior restraint "is unconstitutionally vague if it fails to give clear guidance regarding the types of speech for which an individual may be punished." *Id.* at 252, 182 P.3d at 98 (quoting *Levine*, 764 F.2d at 599). Enjoining Weller from making "false or defamatory" communications regarding Riley and her counsel, without more, meets this vagueness standard. Indeed, the language is sweeping in scope and does not offer clear guidance on what speech may violate the order. *See id.* at 252, 182 P.3d at 99 (deeming a "sweeping" prior restraint that enjoined all discussion of the parties' case as overbroad because the "limits of th[e] order [were] endless"). Weller and Riley's disagreements below regarding whether the challenged statements were actually false or defamatory only add to the order's vagueness.

Finally, the district court did not "make any findings as to whether the [prior restraint] was the least restrictive means to protect against the perceived threats to the purported interest at stake." *Id.* (using

SUPREME COURT
OF
NEVADA

(O) 1947A

5

the lack of findings regarding less restrictive means to invalidate the prior restraint at issue). The "failure to explore less restrictive alternatives adds no support to the constitutionality of the [prior restraint]." *Id.*

Based on the foregoing, we conclude that the district court manifestly abused its discretion by imposing a prior restraint on Weller's constitutional right to the freedom of speech.[4] *See State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. 927, 267 P.3d 777, 779-80 (2011) (explaining that a writ of mandamus is available to control a manifest abuse of discretion, such as a clearly erroneous interpretation or application of the law); *see also Clark Cty. Sch. Dist. v. Buchanan*, 112 Nev. 1146, 1150, 924 P.2d 716, 719 (1996) (noting that "the granting of a preliminary injunction lies within the discretion of the district court"). We therefore

ORDER the petition GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the district court to vacate its order granting plaintiff's motion for preliminary injunction, which was entered on August 3, 2020, in district court case no. A-20-816765-C.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc: Hon. William D. Kephart, District Judge
McLetchie Law
Kirk T. Kennedy
Eighth District Court Clerk

---

[4]Given this conclusion, we need not address Weller's other arguments.